IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DAVID BELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-197-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Christopher David Bell, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-136-Z, reflects the following:

On December 17, 2020, Petitioner was named in a fourteen-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine and cocaine, in violation of 21 U.S.C. § 846, and in count two with distribution and possession with intent to distribute 50 grams and more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (CR ECF 3). Petitioner initially entered a plea of not guilty. (CR ECF 137). He later signed a plea agreement (CR ECF 194) and factual resume (CR ECF 195). On March 2, 2021, Petitioner entered a plea of guilty to count two of the indictment. (CR EF 202).

At rearraignment, Petitioner testified under oath that: he was not under the care of a doctor

for any mental or emotional issues and was not taking any medications; he understood the elements of the offense to which he was pleading guilty; he had read, understood and discussed with his counsel the factual resume before signing it; all of the facts in the factual resume were true and he committed all of the essential elements of the offense; he understood the penalties he faced; he had read and discussed with his counsel the plea agreement and supplement and understood everything in them before signing them; he had entered into an agreement for a 270-month term of imprisonment; he voluntarily waived his right to appeal except in certain limited circumstances; he was fully satisfied with the legal representation provided to him; no one had threatened him or otherwise attempted to force him to plead guilty; he was pleading guilty because he was, in fact, guilty and for no other reason. (CR ECF 822). The magistrate judge signed a report and recommendation that the plea agreement be accepted as it was knowing and voluntary. (CR ECF 203). No objections were filed and the Court accepted the plea. (CR ECF 242).

The probation officer filed the presentence report ("PSR"), which reflected that Petitioner's base offense level was 36. (CR ECF 332, ¶ 52). He received a two-level increase for maintaining a drug premises. (*Id.* ¶ 53). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 59, 60). Based on a total offense level of 35 and a criminal history category of VI, Petitioner's guideline imprisonment range was 292 to 365 months. (*Id.* ¶ 143). Petitioner filed objections (CR ECF 377), and the probation officer prepared an addendum to the PSR, which recalculated Petitioner's guideline imprisonment range as 262 to 327 months. (CR ECF 439 at 7).

On July 7, 2021, the Court sentenced Petitioner to a term of imprisonment of 270 months in accordance with his plea agreement. (CR ECF 543). Petitioner appealed. (CR ECF 545). The United States Court of Appeals for the Fifth Circuit affirmed the sentence, determining that there was no reason for the district court to question Petitioner's ability to understand the proceedings

or to aid his attorney in his defense. *United States v. Bell*, No. 21-10690, 2022 WL 1467452 (5th Cir. May 10, 2022).

## GROUNDS OF THE MOTION

Petitioner asserts four grounds in support of his motion. In his first ground, Petitioner appears to attack the sufficiency of the evidence to support certain facts pertinent to sentencing. In his second ground, Petitioner says he received ineffective assistance of counsel. In his third ground, he says that his plea was coerced. (ECF 2 at 7). In his fourth ground, Petitioner appears to claim that his rights to due process and equal protection were violated because certain policy, guidelines, and statutes were not followed. (*Id.* at 8).

## STANDARDS OF REVIEW

**A. 28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### ANALYSIS

In his second and third grounds, Petitioner appears to challenge the validity of his plea. In

support of his second ground, he alleges that his attorney failed to file various motions and that his attorney persuaded him to plead guilty by threatening that he would receive a maximum sentence if he exercised his right to trial. (ECF 2 at 7). In support of his third ground, he alleges that his attorney threatened that he might receive a life sentence and the U.S. Attorney threatened to bring additional charges against him if he chose to go to trial. (*Id.*).

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct or the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, Petitioner seems to contend that his plea was not voluntary because of the conduct of his counsel. However, his allegations are wholly conclusory and do not suffice to raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller*, 200 F.3d at 282. The petitioner must plead and prove the particular professional failure and show how, but for that failure, the result of the proceeding would have been different. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and

beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). To the extent Petitioner intended to allege failure to investigate, he has not provided any support for such claim.

Petitioner alludes to the failure to file certain motions, including a motion to suppress, but again the allegation is wholly unsupported. Where a petitioner alleges failure to litigate a Fourth Amendment claim, he must prove that such claim is meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). In addition, he must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He has made no attempt to do so here.

As for the alleged threats to coerce Petitioner into pleading guilty, Petitioner has not shown that he received threats of a type that would cause his plea to be involuntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "Threats regarding additional charges or enhanced penalties are accepted practices in plea negotiations and are not considered the kinds of threats that undermine the voluntariness of a guilty plea." *United States v. Felice*, 272 F. App'x 393, 396 (5th Cir. 2008) (citing *Frank v. Blackburn*, 646 F.2d 873, 878–79 (5th Cir. 1981) (*en banc*)). *See Barajas-Sanchez v. United States*, No. 3:11-CV-3226-K, 2012 WL 6049008, at *3 (N.D. Tex. Dec. 4, 2012). Moreover, a defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial. "[A] defense lawyer's stern warnings about the client's chances of success at trial [and] the potential for prison time . . . do not compromise voluntariness." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). In any event, Petitioner testified under oath at rearraignment that no one had threatened or otherwise tried to force him to plead guilty. (CR ECF 822 at 18). In addition, in his plea agreement, Petitioner represented that his plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those set forth in the agreement. (CR ECF 194, ¶ 12). Petitioner's solemn declarations in open

court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement is entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Here, Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations to the contrary, he has made no attempt to show otherwise.

In his first and fourth grounds, Petitioner appears to contest the sufficiency of the evidence to support his conviction and sentence. The allegations are wholly conclusory, but in any event, Petitioner testified under oath that he committed the crime to which he pled guilty. (CR ECF 822). And, Petitioner signed the factual resume setting forth the elements of the offense and the facts establishing that he had committed the offense. (CR ECF 195). He also signed the plea agreement in which he acknowledged that the factual resume he signed was true. (CR ECF 194). Moreover, Petitioner waived the right to appeal or to contest in any collateral proceeding the deficiencies he is now alleging. (CR ECF 194, ¶ 13). The Court was entitled to rely on the facts contained in the PSR. *United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017). Even uncorroborated hearsay may be sufficiently reliable if the defendant fails to show that the statements are implausible. *United States v. Kearby*, 943 F.3d 969, 974–75 (5th Cir. 2019). And, finally, Petitioner entered into a plea agreement for a specific sentence, which he received. He cannot show that any of the matters about which he now complains would have changed his sentence.

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Christopher David Bell, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 20, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).